**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>Defendants. | C.A. No. 1:26-cv-00439-MSM-AEM<br><br>**PLAINTIFF STATES' RENEWED MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

The Continuum of Care (CoC) Program is the federal government's flagship program for funding housing and other services for individuals at risk of or experiencing homelessness. And as this Court is well aware, Defendants have thrown the CoC Program into chaos over the last year. Most recently, the FY 2026 NOFO includes a purported $1.3 billion "set aside" for transitional housing and supportive service-only grants, i.e., non-permanent housing projects. By making this $1.3 billion unavailable for permanent housing, this "set aside" has the effect of capping permanent housing at around sixty-eight percent of CoC funds (the De Facto Cap). HUD buttressed this unlawful cap with a series of funding conditions designed to punish applicants who adhere to the Housing First model of service delivery that HUD and Congress have long directed providers to prioritize (the 2026 Service Requirement Conditions).

These provisions violate the law, undermine the CoC program, and will result in tens of thousands of formerly homeless individuals and families losing their housing, with states and local governments left to pick up the pieces. The De Facto Cap and 2026 Service Requirement

Conditions (collectively, the 2026 Challenged Conditions) were never authorized by Congress and are contrary to provisions in the McKinney-Vento Act requiring HUD to make renewals under most circumstances. On top of that, the 2026 Challenged Conditions are arbitrary and capricious because Defendants failed to adequately explain their abandonment of longstanding Housing First policies and failed to consider the consequences to providers and residents from suddenly defunding permanent housing.

On remand from the First Circuit, Plaintiff States now respectfully renew their Motion for Summary Judgment (ECF No. 34) on the excess of statutory authority, contrary to law and arbitrary and capricious claims that this Court did not decide in its August 7, 2026, Order vacating and setting aside the 2026 NOFO under Plaintiffs' notice-and-comment claim. *See* ECF No. 41. HUD faces a statutory award deadline of December 1, 2026. Plaintiffs therefore seek an expedited ruling that the 2026 Challenged Conditions are arbitrary and capricious, contrary to law, and were imposed in excess of HUD's statutory authority. This Court should vacate those unlawful provisions and require HUD to implement the remaining provisions of the 2026 NOFO, including making Tier 1 awards by the statutory deadline of December 1, 2026 while providing a new opportunity for CoCs to apply for Tier 2 awards not subject to the 2026 Challenged Conditions.

## II. BACKGROUND

Plaintiffs are a coalition of twenty States, the District of Columbia, and the Governors of Kentucky and Pennsylvania who brought this suit on July 7, 2026, to challenge HUD's unlawful Fiscal Year 2026 NOFO on many independent grounds under the APA. *See* ECF No. 1. On July 17, 2026, Plaintiff States moved for summary judgment, or, in the alternative, a preliminary injunction against the unlawful conditions in the 2026 NOFO. *See* ECF No. 34. On August 7, 2026, this Court granted in part Plaintiff States' summary judgment motion, finding

"that HUD violated the APA's requirement to observe proper procedures as required by law when it issued the 2026 NOFO without first engaging in the public notice-and-comment procedure required by the [McKinney-Vento Act]" and setting aside the 2026 NOFO in its entirety. *See* ECF No. 41 at 7, 10. Because that procedural failure rendered the entire 2026 NOFO defective, this Court "decline[d] to address the remainder of Plaintiffs' challenges" to the NOFO. *Id*. at 5-6.

Defendants subsequently filed emergency motions to stay this Court's Judgment pending appeal with this Court and with the United States Court of Appeals for the First Circuit. *See* ECF No. 44; *see also* Defs.' Emergency Mot. for Stay Pending Appeal, *State of Washington v. U.S. Dep't of Hous. and Urb. Dev.*, Nos. 26-1922, 26-1923 (1st Cir. Aug. 14, 2026). On September 11, 2026, HUD issued a notice seeking comment on its proposed finding that supportive-services-only projects are "proven to be effective" and thus eligible for bonuses or other incentives under the McKinney-Vento Act. 91 Fed. Reg. 57901 (Sept. 11, 2026). HUD expressly stated that it issued this notice to address the district court's ruling and to "reinforce its ability to establish the set-aside" in the FY 2026 NOFO. *Id.* at 57902.

On September 16, 2026, the First Circuit granted Defendant-Appellants' Motion, finding that "HUD has made a strong showing that it is likely to succeed on the merits of its challenge to the district court's holding that the set-aside in the NOFO was subject to notice and comment requirements pursuant to 42 U.S.C. § 11386b(d)." Order at 2, *Washington*, Nos. 26-1922, 26-1923, (1st Cir. Sept. 16, 2026). The First Circuit order, like this Court's order, did not address any of Plaintiffs' other claims. On September 18, 2026, HUD reopened the 2026 NOFO, with an application deadline of September 30, 2026.

On September 21, 2026, Plaintiffs filed an emergency motion requesting that the First Circuit summarily vacate the district court's decision on the notice-and-comment claim and

remand the case for further proceedings on Plaintiffs' claims for relief that neither this Court nor the First Circuit has yet decided. HUD is required by statute to make awards under the FY 2026 NOFO by December 1, 2026. *See* Transp., Hous. and Urb. Dev., and Related Agencies Appropriations Act of 2026, Pub. L. No. 119-75, 140 Stat. 173, 400 (Feb. 3, 2026) (the 2026 THUD Appropriations Act). Because of the approaching award deadline, and because HUD's initiation of notice-and-comment proceedings meant the notice-and-comment claim would likely become moot before the First Circuit could reach it, Plaintiffs chose to voluntarily vacate judgment on their notice-and-comment claim (despite believing this Court decided it correctly) in order to resolve Plaintiffs' remaining claims with sufficient time to secure relief before the December 1 statutory deadline.

On September 24, 2026, the First Circuit granted Plaintiffs' motion to vacate and remanded the case to this Court for further summary proceedings on Plaintiffs' remaining unaddressed claims. *See* ECF No. 48. Pursuant to the First Circuit's order, Plaintiffs hereby file this Renewed Motion for Summary Judgment seeking an order vacating and setting aside the 2026 Challenged Conditions and requiring HUD to make Tier 1 awards under the 2026 NOFO—without the 2026 Challenged Conditions—by the statutory deadline, while providing a new opportunity for CoCs to apply for Tier 2 awards not subject to the 2026 Challenged Conditions.

## III. LEGAL STANDARD

In a case under the APA, a motion for summary judgment "is simply a vehicle to tee up a case for judicial review[.]" *Bos Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016). At summary judgment, the Court must "conduct a searching examination to ensure that the agency's decision is" lawful, including that it is "reasonably supported by the administrative record." *Littlefield v. U.S. Dep't of the Interior*, 85 F.4th 635, 643 (1st Cir. 2023).

Defendants' implementation of the 2026 Challenged Conditions is in excess of their statutory authority, contrary to law, and arbitrary and capricious. Accordingly, the Court should enter summary judgment in favor of the Plaintiff States.

## IV. ARGUMENT

### A. The 2026 Challenged Conditions Violate the APA

For the reasons set forth in Plaintiff States' Motion for Summary Judgment filed on July 17, 2026, the 2026 Challenged Conditions violate the APA. *See* ECF No. 34 at §§ IV.A, B.1-2, B.4. Plaintiffs incorporate those arguments by reference here.

First, as described in Plaintiffs' Motion, Defendants' imposition of the 2026 Challenged Conditions exceeds Defendants' statutory authority. *See id.* § IV.B.1. Defendants make no effort in the FY 2026 NOFO to identify a statutory basis for their imposition of any of the 2026 Challenged Conditions.

Second, the 2026 Challenged Conditions are contrary to law because they conflict with statutory provisions requiring that the majority of CoC funds be used for renewing existing projects and that projects be evaluated based on statutorily required criteria. *See id.* § IV.B.2. Further, Congress has already detailed which factors the Secretary may use when determining whether to renew projects. *Id*. (citing 42 U.S.C. § 11386c(b)).

Finally, Defendants' imposition of the 2026 Challenged Conditions is arbitrary and capricious. *See id.* § IV.B.4. As described in detail in Plaintiffs' Motion, the 2026 Challenged Conditions are arbitrary and capricious for each of four independent reasons: (1) Defendants failed to consider important aspects of their decision including the disadvantages of the decision, namely, what would happen when states and housing providers suddenly lost federal funding; (2) the 2026 Challenged Conditions are inconsistent with Congress' directives; (3) Defendants failed to

provide a reasoned basis or explanation for their new policies; and (4) Defendants reversed longstanding prior policies without weighing reliance interests. *Id.*[1]

**B. Plaintiffs are Entitled to Vacatur and a Permanent Injunction**

For the foregoing reasons, this Court should vacate and set aside the 2026 Challenged Conditions from the FY 2026 NOFO and enter an injunction requiring Defendants to make Tier 1 awards by the statutory deadline of December 1, 2026. Defendants previously urged this Court to "limit relief to those conditions" it deems unlawful "and permit the remainder of the 2026 NOFO to go into effect." *See* ECF No. 39 at 25 (quoting ECF No. 37 at 98). Plaintiffs agree that targeted relief is appropriate, particularly at this late hour, and the two provisions are readily severable from the remainder of the NOFO.

Defendants can award funding for "Tier 1" projects on the basis of existing applications.[2] However, given that the unlawful 2026 Challenged Conditions required CoCs to distort their applications, Plaintiffs respectfully request that this Court require HUD to provide a new opportunity to apply for Tier 2 awards under the 2026 NOFO once the 2026 Challenged Conditions have been vacated and set aside.[3]

Vacating only the 2026 Challenged Conditions is workable. Partial vacatur is appropriate where the agency would have adopted the remainder of its action without the invalid provisions and the remainder can function sensibly on its own. *See K Mart Corp. v. Cartier, Inc.*,

[1] HUD's September 11, 2026, notice does not change this analysis. Through that notice, HUD has proposed a finding that supportive-services-only projects are "proven effective" and thus eligible for bonuses or other incentives. *See* 91 Fed. Reg. at 57902. Even if HUD determines that supportive-services-only are proven effective following notice-and-comment—which this brief does not concede it could do—such a determination would not authorize the De Facto Cap. At most, a "proven effective" finding would make supportive-services-only projects eligible for bonuses or other incentives. It would not authorize HUD to withhold $1.3 billion from the renewal of permanent housing projects in derogation of the statute's renewal provisions. *See* 42 U.S.C. § 11386c(b); ECF No. 34 § IV.B.2.

[2] As set forth in Plaintiffs' Motion, "Tier 1" funding is essentially guaranteed renewals for existing projects. Tier 1 was set at 60 percent of each applicant's annual renewal demand in the 2026 NOFO. *See* ECF No. 34 at 22, 34.

[3] With this relief, CoCs that have already submitted an application may, but need not, resubmit their applications.

486 U.S. 281, 294 (1988); *Davis Cnty. Solid Waste Mgmt. v. E.P.A.*, 108 F.3d 1454, 1459 (D.C. Cir. 1997). Both conditions are met. HUD itself has asked the Court to leave unchallenged portions of the NOFO in place, and the NOFO contains an express severability provision. ECF No. 39 at 25. With respect to Plaintiffs' request for a permanent injunction (*see* ECF No. 34 at 53-59), the equities and public interest tip definitively in Plaintiffs' favor. *Id*. The uncontested evidence on summary judgment is that "[a]lmost certainly, tens of thousands of people, if not more, will end up being evicted back into homelessness" absent relief. *Id.* at 41.[4]

Finally, the First Circuit's stay ruling does not alter this balance. If anything, the narrowed relief Plaintiffs now seek answers it. The harm HUD asserted, and the First Circuit credited, flowed from vacatur of the entire FY 2026 NOFO, which HUD said threatened its ability to make awards on time. *See* Defs.' Emergency Mot. for Stay Pending Appeal at 12, *Washington*, Nos. 26-1922, 26-1923. The relief Plaintiffs now request leaves the NOFO in place and requires HUD to make awards by the statutory deadline. It therefore eliminates the very harm on which the First Circuit's stay rested, while preventing tens of thousands of people from losing permanent housing.

## V. CONCLUSION

For the foregoing reasons, Plaintiff States respectfully request that this Court vacate and set aside the 2026 Challenged Conditions from the FY 2026 NOFO and enter an injunction requiring Defendants to make Tier 1 awards by the statutory deadline of December 1, 2026 while

---

[4] Plaintiffs' separate request for vacatur does not require a weighing of the equities or public interest. Moreover, and in any event, the First Circuit's determination that Defendants satisfied the *Nken* factors with respect to Plaintiffs' now-vacated notice-and-comment claim has no bearing on the equities under consideration with respect to Plaintiffs' remaining claims. The First Circuit rested its ruling on Defendants' likelihood of success on the merits and demonstration of irreparable injury, the "'most critical'" of the *Nken* factors. *Dist. 4 Lodge of the Int'l Ass'n of Machinists and Aerospace Workers Loc. Lodge 207 v. Raimondo*, 18 F.4th 38, 42 (1st Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

providing a new opportunity for CoCs to apply for Tier 2 awards not subject to the 2026 Challenged Conditions.

DATED this 30th day of September 2026.

Respectfully submitted,

**NICHOLAS W. BROWN**
Attorney General of Washington

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES
ALIANA KNOEPFLER
ZANE MULLER
Assistant Attorneys General
CRISTINA SEPE
Deputy Solicitor General
800 Fifth Avenue, Suite 2000
P.O. Box TB-14
Seattle, WA 98104-3188
206-464-7744
Andrew.Hughes@atg.wa.gov
Aliana.Knoepfler@atg.wa.gov
Zane.Muller@atg.wa.gov
Cristina.Sepe@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

**LETITIA JAMES**
Attorney General of New York

*/s/ Stephen C. Thompson*
RABIA MUQADDAM
Chief Counsel for Federal Initiatives
COLLEEN K. FAHERTY
Special Trial Counsel
STEPHEN C. THOMPSON
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-6183
Rabia.Muqaddam@ag.ny.gov
Colleen.Faherty@ag.ny.gov
Stephen.Thompson@ag.ny.gov
Victoria.Ochoa@ag.ny.gov
*Attorneys for Plaintiff State of New York*

**PETER F. NERONHA**
Attorney General of Rhode Island

*/s/ Jordan G. Mickman*
KATHRYN M. SABATINI (RI Bar No. 8486)
Chief, Civil Division
Special Assistant Attorney General
JORDAN G. MICKMAN (RI Bar No. 9761)
Unit Chief, Civil and Community Rights
Special Assistant Attorney General
LEONARD GIARRANO IV (RI Bar No. 10731)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400, Ext. 2079
Ksabatini@riag.ri.gov
Jmickman@riag.ri.gov
Lgiarrano@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

**KRISTIN K. MAYES**
Attorney General of Arizona

*/s/ William Y. Durbin*
HAYLEIGH S. CRAWFORD
Deputy Solicitor General
WILLIAM Y. DURBIN
Senior Litigation Counsel
Office of the Attorney General
2005 North Central Ave.
Phoenix, AZ 85004
602-542-3333
Hayleigh.Crawford@azag.gov
William.Durbin@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

**ROB BONTA**
Attorney General of California

*/s/ Jarrell Mitchell*
JARRELL MITCHELL
Deputy Attorney General
MICHAEL L. NEWMAN
Senior Assistant Attorney General
JOEL MARRERO
Supervising Deputy Attorney General
BRIAN BILFORD
LAUREN GREENAWALT
Deputy Attorneys General
Jarrell.Mitchell@doj.ca.gov
Brian.Bilford@doj.ca.gov
Lauren.Greenawalt@doj.ca.gov
Joel.Marrero@doj.ca.gov
Michael.Newman@doj.ca.gov
*Attorneys for Plaintiff State of California*

**WILLIAM TONG**
Attorney General of State of Connecticut

*/s/ Andrew M. Ammirati*
ANDREW M. AMMIRATI
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov
*Attorneys for Plaintiff State of Connecticut*

**PHILIP J. WEISER**
Attorney General of State of Colorado

*/s/ David Moskowitz*
DAVID MOSKOWITZ
Deputy Solicitor General
NORA PASSAMANECK
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
720-508-6000
David.Moskowitz@coag.gov
Nora.Passamaneck@coag.gov
*Attorneys for Plaintiff State of Colorado*

**BRIAN L. SCHWALB**
Attorney General of District of Columbia

*/s/ Nicole Hill*
NICOLE HILL
SAMANTHA HALL
Assistant Attorneys General
Office of the Attorney General
of the District of Columbia
400 Sixth Street, N.W.
Washington, D.C. 20001
202-788-2081
Nicole.Hill@dc.gov
Samantha.Hall@dc.gov
*Attorneys for Plaintiff District of Columbia*

**KATHLEEN JENNINGS**
Attorney General of State of Delaware

*/s/ Ian R. Liston*
IAN R. LISTON
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorney General
ROBIN JACOBS
Assistant Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Ian.Liston@delaware.gov
Vanessa.Kassab@delaware.gov
robin.jacobs@delaware.gov
*Attorneys for Plaintiff State of Delaware*

**KWAME RAOUL**
Attorney General of Illinois

*/s/ Aleeza Strubel*
ALEEZA STRUBEL
Complex Litigation Counsel
ELENA S. METH
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St., 35th Floor
Chicago, IL 60603
773-914-3046
Aleeza.Strubel@ilag.gov
Elena.Meth@ilag.gov
*Attorneys for Plaintiff State of Illinois*

**ANDY BESHEAR**
Governor of Commonwealth of Kentucky

*/s/ S. Travis Mayo*
S. TRAVIS MAYO
General Counsel
LAURA C. TIPTON
Deputy General Counsel
Office of the Governor
501 High Street
Frankfort, KY 40601
502-564-2611
Travis.Mayo@ky.gov
Laurac.Tipton@ky.gov
*Attorneys for Plaintiff Office of the Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky*

**AARON M. FREY**
Attorney General of Maine

*/s/ Katherine W. Thompson*
KATHERINE W. THOMPSON
Special Counsel
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel: 207-626-8455
Fax: 207-287-3145
Kate.Tompson@maine.gov
*Attorneys for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

*/s/ James C. Luh*
JAMES C. LUH
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
JLuh@oag.maryland.gov
*Attorneys for Plaintiff State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

*/s/ Michelle Pascucci*
KATHERINE DIRKS
Chief State Trial Counsel
MICHELLE PASCUCCI
NITA KLUNDER
State Trial Counsel
Office of the Massachusetts
Attorney General
1 Ashburton Place Boston, MA 02108
617-963-2255
Michelle.Pascucci@mass.gov
*Attorneys for Plaintiff*
*Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov
*Attorneys for Plaintiff State of Michigan*

**KEITH ELLISON**
Attorney General of Minnesota

*/s/ Brian S. Carter*
BRIAN S. CARTER
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-300-7403
Brian.Carter@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

*/s/ Daniel Resler*
DANIEL RESLER
Assistant Attorney General
33 Washington St., 9th Floor
Newark, NJ 07102
973-648-4726
Daniel.Resler@njoag.gov
*Attorney for Plaintiff State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

*/s/ Anjana Samant*
ANJANA SAMANT
Deputy Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
505-270-4332
ASamant@nmdoj.gov
*Attorneys for the State of New Mexico*

**DAN RAYFIELD**
Attorney General of Oregon

*/s/ Scott P. Kennedy*
SCOTT P. KENNEDY
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: 971-673-1880
Fax: 971-673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

**JENNIFER C. SELBER**
General Counsel

*/s/ Jacob B. Boyer*
JACOB B. BOYER
STEPHEN R. KOVATIS
Deputy General Counsel
Office of General Counsel
30 North Street, Suite 200
Harrisburg, PA 17101
JacobBoyer@pa.gov
717-460-6786
*Attorneys for Plaintiff Governor Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania*

**CHARITY R. CLARK**
Attorney General of Vermont

*/s/ Samuel B. Stratton*
JONATHAN T. ROSE
Solicitor General
SAMUEL B. STRATTON
Assistant Attorney General
109 State Street
Montpelier, VT 05609
802-828-3171
Jonathan.Rose@vermont.gov
Sam.Stratton@vermont.gov
*Attorneys for Plaintiff State of Vermont*

**JAY JONES**
Attorney General of Virginia

*/s/ Megan C. Keenan*
MEGAN C. KEENAN
Deputy Solicitor General
202 North Ninth Street
Richmond, Virginia 23219
(804) 997-5222
mkeenan@oag.state.va.us
*Attorneys for Commonwealth of Virginia*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

*/s/ Faye B. Hipsman*
FAYE B. HIPSMAN
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
608-264-9487
Faye.Hipsman@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*